## SOUTHWESTERN TELEGRAPH & TELEPHONE CO. v. THOMPSON.

(Court of Civil Appeals of Texas. Galveston. May 15, 1913.)

1. TELEGRAPHS AND TELEPHONES (§ 20*)—INJURY FROM WIRES—INSTRUCTIONS—DEFINITION.

In an action for injuries to a horse caused by a wire left in the highway by a telephone

---

company, where the evidence raised the question of negligence of the defendant, and the charge given by the court did not define negligence, it was reversible error to refuse a charge, requested by the defendant, that if the jury believed that an ordinarily prudent man, situated as defendant was, would have left the wire there, the defendant was not negligent, since without such a charge the jury were not instructed as to the degree of care required of the defendant.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 13; Dec. Dig. § 20.*]

2. TELEGRAPHS AND TELEPHONES (§ 20*)—INJURY FROM WIRES—INSTRUCTIONS—ANTICIPATION OF INJURY—NECESSITY.

Where it was relevant to the evidence, it was error to refuse a requested charge that unless an ordinarily prudent man, situated as defndant was, would have reasonably anticipated that an accident would occur from his act in leaving a telephone wire in the highway, the defendant was not liable.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 13; Dec. Dig. § 20.*]

3. TELEGRAPHS AND TELEPHONES (§ 20*)—INJURY FROM WIRES—EVIDENCE—ADMISSIBILITY—PRECAUTIONS AGAINST RECURRENCE.

In an action against a telephone company for injuries to a horse caused by a wire left in the highway, where there was a conflict in the evidence as to the ownership of the wire, evidence that the defendant's district chief shortly after the accident ordered linemen to remove the wire was admissible as tending to show ownership.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 13; Dec. Dig. § 20.*]

4. EVIDENCE (§ 317*)—HEARSAY—STATEMENT BY OTHERS THAN PARTIES.

In an action against a telephone company to recover for injuries to a horse caused by a wire left in the highway by the company, it is error to permit a witness whose statements are not binding on the company to testify as to what he told the owner of the horse.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

Reese, J., dissenting in part.

Appeal from Hardin County Court; Jno. L. Little, Judge.

Action by W. R. Thompson against the Southwestern Telegraph & Telephone Company. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

A. P. Wozencraft and S. P. English, both of Dallas, for appellant.

REESE, J. This suit was originally instituted in the justice court by appellee against appellant to recover $175 damages to plaintiff's horse occasioned by his becoming entangled in some wire which it is alleged was negligently placed and allowed to remain in the public road by defendant's servants. It was alleged that while riding along said road at night plaintiff's horse became entangled in the wire, and was injured. A trial in the justice court resulted in a judgment for plaintiff. Defendant appealed to the county court, and on trial in that court with a jury plaintiff recovered judgment for

$100, from which defendant appeals. No briefs are filed by appellee.

[1] The court submitted the issue of negligence as follows: "Now if you believe from the evidence that on or about August 30, 1911, the defendant negligently permitted some of its telephone and telegraph wires to negligently be and remain upon the road in question, and that the same was a public road or highway, and that by reason of such negligence, if any, on the part of the defendant, and without fault or negligence on the part of plaintiff, which contributed to the injury, the plaintiff's horse was injured as alleged, then you will find for the plaintiff." The charge does not contain any definition of negligence. Appellant requested the court to give the following charge: "If you believe from the evidence that defendants put said wire upon the ground as alleged, and did not remove same, but if you further believe that the ordinarily prudent man situated as defendant was situated would have left said wire as defendant did, and would not have removed same, then you will find for the defendant." The evidence raised the issue of negligence on the part of appellant. The charge requested contained a proper definition of negligence as applied to the facts of the case, and in the entire absence of anything in the charge to enlighten the jury as to what is meant by negligence, as used in the court's general charge, the requested charge should have been given. There are several degrees of negligence, depending upon the amount and degree of care which the law requires in the particular case. It is not at all certain that the jury would understand from the court's charge that appellants were only required to exercise that degree of care which a person of ordinary prudence would have exercised in the circumstances of the particular case in leaving the wire where it was. G., H. & S. A. Ry. Co. v. De Castillo, 83 S. W. 25; M., K. & T. Ry. Co. v. Hines, 40 S. W. 152. The refusal to give the requested charge is complained of by the sixth assignment of error, which must be sustained as constituting material and reversible error.

[2] It was also error to refuse to give the charge requested by appellant, and referred to in the eighth assignment of error, in substance, that, unless a man of ordinary prudence situated as defendant was would reasonably anticipate that any accident or injury would likely result from the act of leaving the wire where it was, defendant would not be liable. The evidence called for such a charge. The eighth assignment of error must be sustained.

[3] S. A. Thurmond, district chief for appellant, was allowed to testify over the objection of appellant that after the accident he instructed a lineman to take up the wire along the road between Sour Lake and Saratoga. The road on which appellee was

riding was the road from Sour Lake to Saratoga. It appeared that when Thurmond gave this order appellee had made a claim for the injury the basis of this suit. This evidence was offered and admitted for the sole purpose of proving that the wire belonged to appellant, as to which the evidence was conflicting. A majority of the court holds that this testimony was properly admitted for the purpose indicated. The writer of this opinion is inclined to doubt the soundness of this conclusion. The wires of appellant were strung on poles along this road. Appellant was charged with having negligently left this wire in the road. Two other corporations had wires strung on the same poles. It was a matter of common prudence for Thurmond to direct the wire to be taken out of the road, so as to avoid further injury, whether it belonged to his company or not. I think that the case comes fairly under the operation of the rule which forbids the admission of evidence of repairs made after an accident has occurred for the purpose of preventing other accidents to establish negligence. In this view the majority does not concur.

[4] It was error to admit, over the objection of appellant, the testimony of F. A. Marks, referred to in the fourth assignment, as to what he told appellee Thompson. Marks' statements were not binding upon appellant.

None of the other assignments of error present any merit, and they are overruled. For the errors herein pointed out, which are material, the judgment is reversed and the cause remanded.

Reversed and remanded.